UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | NO. 3:14CR60 (RNC) |
| JOHN VAILETTE | : | September 24, 2015 |

## **GOVERNMENT'S MEMORANDUM RE: USE OF PRIOR CONVICTIONS TO IMPEACH WITNESS**

On September 22, 2015, the defendant, through counsel, advised the government that he intends to attempt to impeach one of the government's witnesses, Donald Armatino, with convictions that are more than ten years old. Because the defendant has not to the government or otherwise shown specific facts and circumstances that make the use of any of the witness's older convictions particularly probative, the court should refuse to allow the defendant to use them to impeach the witness.

The Federal Rules of Evidence provide that, as a general rule, a party may attack a witness's credibility by introducing evidence of the witness's prior felony convictions and/or evidence of the witness's prior convictions for crimes, regardless of the punishment, that involve dishonesty or false statement. Fed.R.Evid. Rule 609. The latter category of crimes includes those that are

> "peculiarly probative of credibility," such as those for "perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully."

*United States v. Estrada*, 430 F.3d 605, 616 n. 3 (2d Cir. 2005)(quoting H,.R.Conf.Rep. No. 93-1597, 2d Sess., at 9 (1974), *reprinted in* 1974 U.S.C.C.A.N. 7098, 7103).

Evidence of a conviction that is ten years or older, however, is admissible only if "the probative value [of the prior conviction], supported by specific facts and circumstances substantially outweighs its prejudicial effect." Fed.R.Evid. 609(b)(1). The prejudicial impact of a conviction that is ten years or older will be deemed to outweigh its prejudicial value unless the proffering party is able to show that the conviction has a probative value greater than that necessary to qualify for admission under Rule 609(a). *United States v. Brown*, 606 F.Supp. 2d 306, 313 (2009). This is so because "convictions over ten years old generally do not have much probative value." Fed.R.Evid. 609(b) advisory committee's note. Because they lack substantial probative value, "convictions over 10 years old [should] be admitted very rarely and only in exceptional circumstances," Fed.R.Evid. 609(b) advisory committee's note. "[W]hen convictions more than ten years old are sought to be introduced into evidence pursuant to Rule 609(b) the district judge should make an on-the-record determination supported by specific facts and circumstances that the probative value of the evidence substantially outweighs its prejudicial effect." *United States v. Mahler*, 579 F.2d 730, 736 (2d Cir.1978).

In this case, the defendant has not proffered any evidence to show that the convictions of Mr. Armatino prior to 2005 have any probative value above and beyond the elements of the crimes themselves which is what would qualify them for admission under Rule 609(a). In the absence of such evidence, the convictions should not be admitted. *United States v. Brown*, 606 F.Supp.2d 306, 313 (2009).

The government notes that a number of Mr. Armatino's convictions that occurred more than 10 years ago were for the crime of larceny. The Second Circuit Court of Appeals has noted that the crime of larceny, while involving some manner of stealth, is not one that automatically qualifies as one that would be admissible under Rule 609(a). *United States v. Estrada*, 430 F.3d 606, 614-15 (2005). It stands to reason then that the conviction of such a

crime would not be sufficient to meet the higher standard of admissibility under Rule 609(b) absent a showing that there are additional facts and circumstances that make the conviction particularly probative. Mr. Armatino's other felony convictions from prior to 2005 similarly are not of such a nature that they would be admissible without a showing of some showing that they were particularly probative. *United States v. Estrada*, 430 F.3d 606, 614-15 (2005).

A number of the other crimes of which Mr. Armatino was convicted would not be admissible even under the lesser standard of Rule 609(a). For instance, the crimes of operating a motor vehicle while under suspension, running from the police, evading responsibility, failure to appear, assault in the third degree, and possession of drug paraphernalia are all misdemeanors that do not involve dishonesty or false statement.

Accordingly, the government respectfully submits that the defendant should not be allowed to elicit evidence about convictions that happened more than 10 years ago and/or were for misdemeanor offenses.

Respectfully submitted,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

/s/ *John H. Durham*
JOHN H. DURHAM
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct05087
157 Church Street, 25th Floor
New Haven, CT 06510
(203) 821-3700

*/s/ Michael A. Gailor*
MICHAEL A. GAILOR
SPECIAL ASSISTANT U.S. ATTORNEY
FEDERAL BAR NO. ct03766

*/s/ Kevin M. Shay*
KEVIN M. SHAY
SPECIAL ASSISTANT U.S. ATTORNEY
FEDERAL BAR NO. ct251339

## CERTIFICATION

I hereby certify that on September 24, 2015 a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ John H. Durham*

JOHN H. DURHAM
ASSISTANT U.S.
ATTORNEY